# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL LOWE,<br>an individual,<br><br>            Plaintiff,<br><br>v.<br><br><br>CITY OF DETROIT,<br> a Michigan municipal corporation,<br><br>            Defendant. | Case No. 21-cv-10709<br><br>Hon.<br>Mag.<br><br>Civil Action |

## NOTICE OF REMOVAL

Defendant City of Detroit, through its counsel, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of the removal of this civil action from Wayne County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. The grounds for removal are as follows:

1.  On March 2, 2021, Plaintiff Crystal Lowe filed suit against the City of Detroit in Wayne County Circuit Court. *See Crystal Lowe v. City of Detroit*, Case No. 21-002831-CZ.

2.  The City was served with copies of Plaintiff's summons and complaint on March 3, 2021. *See* **Exhibit A: Summons and Complaint.**

3. Plaintiff seeks declaratory and injunctive relief declaring invalid provisions of the City's Medical Marijuana Facilities and Adult-Use Marijuana Establishments ordinance.

4. Plaintiff's complaint asserts violations of the Commerce Clause of the United States Constitution, along with violations of the Equal Protection and Due Process Clauses of the Michigan Constitution.

5. Under 28 U.S.C. § 1331, this Court has original jurisdiction over claims arising under federal law without respect to the amount in controversy or the citizenship of the parties. Plaintiff alleges violations of the United States Constitution, therefore removal is proper under 28 U.S.C. § 1441.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims asserting violations of the Michigan Constitution under 28 U.S.C. § 1367.

7. This notice of removal is timely filed within 30 days after the City was served with Plaintiff's complaint. *See* 28 U.S.C. § 1446(b).

8. Plaintiff filed a motion requesting a preliminary injunction in the Wayne County Circuit Court. No order for a preliminary injunction has been entered.

9. No further proceedings have occurred in this action in Wayne County Circuit Court.

10. True and correct copies of this notice of removal with accompanying exhibits and separate notice of filing of notice of removal will be served upon

Plaintiff's counsel and filed with the Clerk of the Wayne County Circuit Court in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant City of Detroit respectfully gives Notice of Removal from the Wayne County Circuit Court to this Court.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Emily C. Palacios*
Sonal H. Mithani (P51984)
Emily C. Palacios (P64941)
101 N. Main Street, 7th Floor
Ann Arbor, MI 48104
(734) 668.7784
mithani@millercanfield.com
palacios@millercanfield.com
*Attorneys for Defendant City of Detroit*

Dated:  March 30, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2021, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF filers of record. I further certify that I caused to be served a copy of the forgoing document upon the following via First-Class Mail at the following address:

    Kevin M. Blair
    HONIGMAN LLP
    222 N. Washington Square, Suite 400
    Lansing, MI 48933

                                          By: */s/ Emily C. Palacios*
                                                Emily C. Palacios (P64941)

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS  | CASE NO.<br>21-002831-CZ<br>Hon. Martha M. Snow |
|---|---|---|
| Court address : 2 Woodward Ave., Detroit MI 48226 | | Court telephone no.: 313-224-6889 |

| Plaintiff's name(s), address(es), and telephone no(s)<br>Lowe, Crystal | Defendant's name(s), address(es), and telephone no(s).<br>City of Detroit<br>Law Department<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226 |
|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Kevin M. Blair 76927<br>222 N Washington Sq Ste 400<br>Lansing, MI 48933-1800<br>517-377-0716; kblair@honigman.com | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>3/2/2021 | Expiration date*<br>6/1/2021 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)        SUMMONS        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No.: **21-002831-CZ** |

# PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRYSTAL LOWE,
an individual,

    Plaintiff,

v

CITY OF DETROIT,
a Michigan municipal corporation,

    Defendant.

Case No.     -CZ

Hon.

Kevin M. Blair (P76927)
HONIGMAN LLP
*Attorneys for Plaintiff*
222 N Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0716
kblair@honigman.com

## COMPLAINT

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

NOW COMES Plaintiff, by her attorneys, HONIGMAN LLP, and for her Complaint against Defendant, CITY OF DETROIT, states as follows:

### Introduction

1.     Plaintiff Crystal Lowe is 33 years old and has lived in the metro Detroit area almost her entire life. She has significant experience in the cannabis industry and she wants to own and operate an adult-use marijuana retail store in her hometown of Detroit. But Defendant has almost certainly denied Plaintiff the opportunity to compete for an adult-use retail establishment license

1

because Defendant's unconstitutional licensing scheme unfairly favors certain Detroit residents over other Michiganders based on the duration of their residency in the city.

### The Parties

2. Plaintiff Crystal Lowe is a longtime Detroit resident who seeks to open an adult-use retail establishment in Detroit.

3. Defendant City of Detroit is a Michigan municipal corporation located in Wayne County.

### Jurisdiction and Venue

3. This is an action for a permanent injunction and a declaratory judgment under MCR 2.605. This Court has jurisdiction because this is a civil action, no other court has exclusive jurisdiction over this action, and no law denies the circuit court's jurisdiction over this action. Jurisdiction is also proper under MCL 600.605 because Plaintiff seeks equitable remedies.

4. Venue in this county is proper under MCL 600.1615 because the Defendant is a municipality located within the county.

### Background and Common Allegations

5. Plaintiff currently lives in the City of Detroit, and has lived in Detroit for approximately 11 out of the past 30 years.

6. Plaintiff lived just outside of the Detroit city lines, in River Rouge, Michigan, for approximately 2 out of the past 30 years.

7. Plaintiff lived outside of Michigan for approximately 6 out of the past 30 years. Specifically, she lived in Georgia for approximately four years during elementary/middle school, and, when she was about 20 years old, she lived in the State of Washington for approximately 2 years, while her then-husband was stationed there for military duty.

8. Plaintiff has worked in Michigan's marijuana industry since 2012.

9. Plaintiff wants to own and operate an adult-use marijuana retail store in Detroit.

10. Until recently, Defendant City of Detroit had prohibited adult-use marijuana businesses in the city. Starting in April 2021, however, Defendant plans to begin accepting applications for a limited number of licenses to operate adult-use retail establishments.

11. Plaintiff plans to apply and compete for an adult-use retail establishment license.

12. Defendant, however, has almost certainly denied Plaintiff the opportunity to compete for an adult-use retail establishment license because Defendant's licensing scheme favors certain Detroit residents over other Michiganders based on the duration of their residency in the city.

13. As explained below, this licensing scheme violates Michigan's Constitution in multiple ways. It also violates the United States Constitution.

**Detroit Initially Opts Out of Adult-Use Marijuana Before Creating a Licensing Scheme**

14. In November 2018, Michigan voters passed the Michigan Regulation and Taxation of Marihuana Act, or MRTMA, for short. This voter-initiated law establishes a system to license and regulate businesses that grow, process, and sell adult-use marihuana.

15. Under MRTMA, recreational marijuana is legal in municipality unless it affirmatively enacts an ordinance to "completely prohibit or limit the number of marihuana establishments within its boundaries." MCL 333.27956(1).

16. A municipality may "adopt an ordinance requiring a marihuana establishment with a physical location within the municipality to obtain a municipal license. . . ." MCL 333.27956(3).

3

17. If a municipality chooses to implement a licensing system, it "may not impose qualifications for licensure that conflict with this act or rules promulgated by the [Marijuana Regulatory Agency]." *Id.*

18. If a municipality "limits the number of marihuana establishments that may be licensed in the municipality . . . and that limit prevents the [Marijuana Regulatory Agency] from issuing a state license to all applicants who [are otherwise qualified to receive a state license], the municipality shall decide among competing applications by a competitive process intended to select applicants who are best suited to operate in compliance with this act within the municipality." MCL 333.27959(4).

19. After MRTMA became law, Defendant initially opted out of allowing adult-use establishments in the city.

20. In November 2020, the Detroit City Council decided to opt back into allowing such businesses and passed the Medical Marijuana Facilities and Adult-Use Marijuana Establishments ordinance ("the Ordinance").

21. Because Defendant has decided to cap the number of licenses available for adult-use retail establishments, it has set up a competitive licensing scheme.

22. The Ordinance creates a discriminatory licensing scheme that, upon information and belief, is unlike any other in the State.

**Defendant's Discriminatory Licensing Scheme**

23. Defendant's licensing scheme revolves around the concept of "Detroit legacy" status, which the Defendant uses to discriminate against all nonresidents and even many longtime Detroit residents like Plaintiff.

4

24. Under the Ordinance, a "Detroit legacy applicant or licensee" is defined to mean an individual who has, or an entity that is at least 51% owned and controlled by one or more individuals who has been a City of Detroit resident at the time of application for at least one year, and additionally has been:

   a. a City of Detroit resident for 15 of the past 30 years preceding the date of application and continues to so reside throughout the period of licensure: or

   b. a City of Detroit resident for 13 of the past 30 years preceding the date of application, and continues to so reside throughout the period of licensure, and is a low income applicant at the time of application, as defined in this Section; or

   c. a City of Detroit resident for the 10 of the past 30 years preceding the date of application, and continues to so reside throughout the period of licensure, and has a prior controlled substance record, as defined in this section, or a parent with a prior controlled substance record as defined in this section under the following circumstances:

      (i) the parent is named on the applicant's birth certificate, and the parent's conviction took place before the applicant's 18th birthday; or

      (ii) the parent has claimed the applicant as a dependent regularly on federal income tax filings, and the parent's conviction took place before the applicant's 18th birthday.

25. The Ordinance sets up a system that almost certainly guarantees that in practice only Detroit legacy applicants will receive the adult-use retail establishment licenses.

26. The Ordinance provides for a maximum of 75 adult-use retail establishment licenses.

27. It provides that no less than 50% of the 75 available licenses for adult-use retail establishments shall be granted to Detroit legacy applicants. Critically, though, there is no cap on the number of licenses that will be awarded to Detroit legacy applicants.

5

28. It further provides that City shall not issue a license for an adult-use retail establishment if such issuance would cause the number of licenses held by Detroit legacy licensees to be less than 50% of the total licenses for this category.

29. Thus, Detroit legacy applicants can compete for 75 licenses, whereas applicants without Detroit legacy status can only compete for a potential maximum of 37 licenses, a number that will shrink depending on how many Detroit legacy applicants succeed in obtaining licenses.

30. It seems almost certain that Detroit legacy applicants will greatly outnumber the total maximum licenses available.

31. Given how Defendant has staggered its review process, this almost certainly means that applicants without Detroit legacy status will not receive adult-use retail establishment licenses.

32. From April 1, 2021, until April 30, 2021, Defendant will accept applications for adult-use marijuana establishment licenses from all applicants.

33. From May 1, 2021 through June 15, 2021, Defendant will only review and approve applications from Detroit legacy applicants.

34. From June 16, 2021 through July 31, 2021, if there are any remaining licenses, Defendant will consider applications from non-Detroit legacy applicants that already have a state operating license for a medical marijuana facility in Detroit.

35. After July 31, 2021, if there are any remaining licenses, Defendant will consider applications from any other applicants who do not qualify for the two "reserved review period[s]" described above.

36. Upon information and belief, it seems almost certain that Defendant will award all 75 adult-use retail establishment licenses to Detroit legacy applicants before it even considers any non-legacy applicants.

37. This creates a significant and long-lasting hurdle preventing non-Detroit legacy applicants from obtaining a license because when a business is owned by a Detroit legacy applicant and licensed under the Ordinance, it cannot be transferred, sold, or conveyed to anyone other than another Detroit legacy applicant for a period of five years from the date the initial license is granted or else the business will lose its Detroit legacy status and must re-apply and be approved for a license as a general applicant before operating.

**Plaintiff Cannot Qualify as a Detroit Legacy Applicant**

38. Despite being a longtime Detroit resident, Plaintiff does not qualify as a Detroit legacy applicant.

39. Plaintiff has lived in Detroit for approximately 11 of the past 30 years.

40. A resident who has lived in Detroit for 11 of the past 30 years can only qualify for Detroit legacy status if they have "a prior controlled substance record" or "a parent with a prior controlled substance record" under certain circumstances. Plaintiff does not satisfy these requirements.

41. The Ordinance thus treats Plaintiff differently from Detroit residents of the same duration who have, or whose parents have, a prior controlled substance record.

42. The Ordinance also treats Plaintiff differently from Detroit residents who have lived in Detroit for 13 of the past 30 years and have a low income.

43. The Ordinance further treats Plaintiff differently from Detroit residents who have lived in Detroit for 15 of the past 30 years, irrespective of income or prior controlled substance record.

44. If the Ordinance counted towards Detroit legacy status the years Plaintiff lived just outside the city's lines, in River Rouge, Plaintiff would qualify as a Detroit legacy applicant.

45. The Ordinance thus treats Plaintiff differently than other Detroit residents based on her residency in River Rouge.

46. If the Ordinance counted towards Detroit legacy status the years Plaintiff lived out-of-state, Plaintiff would qualify as a Detroit legacy applicant.

47. The Ordinance thus treats Plaintiff differently than other Detroit residents based on her out-of-state residency.

48. Because Plaintiff cannot qualify as a Detroit legacy applicant, she will almost certainly not even have a chance to obtain an adult-use retail establishment license.

49. At a minimum, the scheme significantly reduces the number of adult-use retail establishment licenses for which she can compete.

**Defendant's Licensing Scheme Violates the Michigan Constitution**

50. The Michigan Constitution provides that "All political power is inherent in the people. Government is instituted for their equal benefit, security and protection." Const 1963, art 1, § 1.

51. It further guarantees that "No person shall be denied the equal protection of the laws. . . ." Const 1963, art 1, § 2.

52. The Michigan Constitution also provides that "No person shall be . . . deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17.

53. These provisions guarantee, among other things, a right to intrastate travel, a right to interstate travel, a right to pursue one's livelihood, and right to be free from arbitrary or impermissible discrimination.

54. The Ordinance violates these provisions because its preferences for Detroit legacy applicants in awarding adult-use retail establishment licenses punish Plaintiff for exercising her

8

rights to intrastate and interstate travel, violate her right to pursue her livelihood, and draw distinctions between her and other Detroit residents that are not rationally related to any legitimate government purpose.

**Defendant's Licensing Scheme Violates the United States Constitution**

55. The United States Constitution empowers the federal Congress "To regulate Commerce . . . among the several States." US Const, art I, § 8, cl 3.

56. The United States Supreme Court has "long held" that this Clause also prohibits state and municipal laws that unduly restrict interstate commerce. *Tenn Wine & Spirits Retailers Ass'n v Thomas*, 139 S Ct 2449, 2459 (2019); see also *Dean Milk Co v. City of Madison*, 340 US 349, 354 & n4 (1951).

57. A law that discriminates against interstate commerce is "virtually *per se* invalid, and will survive only if it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives." See *Dep't of Revenue of Ky v. Davis*, 553 U.S. 328, 338 (2008) (internal quotation marks and citations omitted).

58. The Ordinance violates the Commerce Clause because it discriminates against out-of-state residents and punishes people for moving between states. Its preferences for Detroit legacy applicants do not advance a legitimate local purpose—and, even to the extent they do, that interest could be adequately served by reasonable nondiscriminatory alternatives.

### COUNT I
**(Declaratory Judgment and Injunctive Relief)**

59. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

9

60. Under MCR 2.605, in "a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

61. There is an actual case or controversy here because Plaintiff contends that the process utilized to award the licenses to operate adult-use retailer establishment licenses violates the Equal Protection and Due Process Clauses of the Michigan Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. order a speedy hearing of this action and advance it on the calendar in accordance with MCR 2.605(D);

B. issue a declaratory judgment that the Ordinance is invalid, at least with respect to the provisions related to favoring Detroit legacy applicants in awarding adult-use retail establishment licenses;

C. enjoin the Defendant from using Detroit legacy status in evaluating applications and awarding adult-use retail establishment licenses;

D. grant such other relief as is just and appropriate.

## COUNT II
### (Declaratory Judgment and Injunctive Relief)

62. Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

63. Under MCR 2.605, in "a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

64. There is an actual case or controversy here because Plaintiff contends that the process utilized to award the licenses to operate adult-use retailer establishment licenses violates the Commerce Clause of the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. order a speedy hearing of this action and advance it on the calendar in accordance with MCR 2.605(D);

B. issue a declaratory judgment that the Ordinance is invalid, at least with respect to the provisions related to favoring Detroit legacy applicants in awarding adult-use retail establishment licenses;

C. enjoin the Defendant from using Detroit legacy status in evaluating applications and awarding adult-use retail establishment licenses;

D. grant such other relief as is just and appropriate.

Respectfully submitted,

Dated: March 2, 2021         By: /s/ Kevin M. Blair

Kevin Blair (P76927)
HONIGMAN LLP
*Attorneys for Plaintiff*
222 N Washington Square, Suite 400
Lansing, MI 48933
(517) 377-0716
kblair@honigman.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CRYSTAL LOWE, an individual

**DEFENDANTS**
CITY OF DETROIT, a municipal corporation

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin M. Blair (P76927) - Honigman LLP
222 N. Washington Square, Suite 400 Lansing, MI 48933
517-377-0716

Attorneys *(If Known)*
Emily C. Palacios (P64941) - Miller Canfield
101 N. Main St. 7th Floor, Ann Arbor, MI 48104
(734) 668-7784

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability |  | [ ] 840 Trademark | [ ] 460 Deportation |
|  |  | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending |  |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability |  |  | [ ] 861 HIA (1395ff) |  |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
|  |  | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  |  | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** |  |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |  |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
|  |  | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  | [ ] 950 Constitutionality of State Statutes |
|  |  / [ ] 550 Civil Rights |  |  |  |
|  | [ ] 448 Education / [ ] 555 Prison Condition |  |  |  |
|  |  / [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"Declaratory Judgment" 28 USC 2201

Brief description of cause:
Declaratory judgment concerning constitutionality of city ordinance

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: March 30, 2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Emily C. Palacios

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes : _____