UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL LOWE,

    Plaintiff,                                                Civil Action No. 21-CV-10709

                                                          HON. BERNARD A. FRIEDMAN

vs.

CITY OF DETROIT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING THE MOTION
## FOR LEAVE TO FILE AN AMICUS BRIEF

This matter is presently before the Court on the motion for leave to file an amicus brief filed by the following entities and individuals: Beyond Equity, LLC; Cannaclusive, LLC; Chicago NOORML; Green Believers, LLC; The Hood Incubator, LLC; Jessica Jackson; Shauntay Williams; Kourtney Ketterhagen; Ronald Bartell; Tiff Massey; Mitzi Ruddock; and, Jonathan Ray (collectively, the "Legacy Advocates") [docket entry 13]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

Plaintiff challenges Detroit's recreational marijuana retail licencing ordinance (the "Ordinance") under both the United States and Michigan constitutions. The allegedly unconstitutional provision of the Ordinance provides for preferential treatment of "Detroit legacy" applicants. *See* Ordinance §§ 20-6-2; 20-6-31(d). Plaintiff does not qualify as a "Detroit legacy" applicant. Plaintiff filed a motion for a temporary restraining order and preliminary injunction on April 1, 2021, requesting that the Court temporarily halt Detroit's recreational marijuana licensing process until plaintiff's constitutional challenges are resolved. *See* docket entry 4. The Court granted plaintiff's motion for a temporary restraining order, *see* docket entry 9, and has scheduled

a hearing on plaintiff's motion for a preliminary injunction for May 27, 2021. The proposed amici seek to present the Court with further argument on the constitutional issues.

"The Legacy Advocates are Michigan and non-Michigan entities and individuals, dedicated to operating in the cannabis industry; some as licensees, some in various partnerships/collaborations with licensees, and some as participants in providing services to licensees." Amicus Mot. ¶ 4. The amici contend that they

> are well-positioned to submit an amicus brief in this case and have a significant interest in the outcome of this case and in the other cases across the country seeking to invalidate a state or municipalities' right to establish a social equity program that requires participation in the cannabis arena to include residents of cities that have been disproportionately impacted by the war on drugs.

*Id*. ¶ 6.

Participation as an amicus "is a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citations omitted). "The role of an amicus is generally to aid the Court in resolving doubtful issues of law rather than present a partisan view of the facts." *Dow Chem. Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, at *1 (E.D. Mich. May 24, 2002) (emphasis, citation, and internal quotation marks omitted). Further,

> [a] brief by any amicus curiae, other than a governmental entity, requires either "leave of court or [a] brief stat[ing] that all parties have consented to its filing." Fed. R.App. P. 29(a). A motion for leave to file an amicus brief must include a brief stating the movant's interests, "why an amicus brief is desirable[,] and why the matters asserted are relevant to the disposition of the case." Fed. R.App. P. 29(b). The United States Court of Appeals for the Seventh Circuit has held:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the Court beyond the help that the lawyers for the parties are able to provide.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997).

*Id.*

As a matter of discretion and based on the unique perspective offered by the proposed amici, the Court shall allow the Legacy Advocates to file the amicus brief that is attached to the instant motion. The Court believes that the brief may offer additional information and/or arguments relevant to the fair resolution of plaintiff's claims. Accordingly,

IT IS ORDERED that the Legacy Advocate's motion for leave to file an amicus brief is granted. The proposed amicus brief may be filed within three days of the date of this order.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: May 17, 2021                 SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan